No. 14-5703

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

_____

## Billy York Walker,
Plaintiff-Appellant,

v.

## UNITED STATES,
Defendant-Appellee

_____

On Appeal from the United States District Court
for the Western District of Tennessee
No. (1:13-CV-01212, Breen, J.)

_____

BRIEF FOR APPELLEE

_____

For the Appellee:
Edward L. Stanton III
United States Attorney

Gary A. Vanasek
Assistant United States Attorney
167 North Main, Suite 800
Memphis, TN  38103
(901) 544-4231
Gary.vanasek@usdoj.gov

TABLE OF CONTENTS

Statement of Jurisdiction.................................................................................1

Issues Presented ...........................................................................................1

Statement of the Case....................................................................................1

Summary of the Argument..............................................................................3

Argument.......................................................................................................4

    I.     Standard of Review.......................................................................4

    II.    The District Court correctly determined that Walker, as a federal felon, has not had his civil rights restored by operation of law within the meaning of 18 U.S.C. § 921(a)(20). .........................................................................................4

        A.   Legal Framework:  18 U.S.C. §§ 922(g), 921(a)(20) and *Beecham v. United States*. ...............................................................................................4

        B.   Walker's restoration of civil rights under Tennessee law is not a *federal restoration* of rights. ..................................................................................6

Conclusion ...................................................................................................8

Certificate of Service ....................................................................................8

Designation of Relevant District Court Documents .................................................9

# TABLE OF AUTHORITIES

**CASES:**

*Beecham v. United States*, 511 U.S. 368, 114 S. Ct. 1669 (1994) ............... 3, 5, 6, 7

*Fritz v. Charter Twp. of Comstock*, 592 F.3d 718 (6th Cir. 2010) ......................... 4

*Hayward v. Cleveland Clinic Foundation*, --- F.3d ---, 2014 WL 3558095 ........... 4

*Mullis v. United States*, 230 F.3d 215 (6th Cir. 2000) ............................................ 7

*United States v. Beecham*, 993 F.2d 1539 (4th Cir. 1993)(Table, unpublished op.) 5

*United States v. Geyer*, 932 F.2d 1330 (9th Cir. 1991) ........................................ 5

*United States v. Lang,* 2002WL31012125 (CA6 (Mich.)...........................................5

**STATUES:**

18 U.S.C. § 2.............................................................................................................. 1

18 U.S.C. § 371............................................................................................................1

18 U.S.C. § 921(a)(20) ................................................................................. 2, 4, 5, 6,

18 U.S.C. § 922(g) ................................................................................... 1, 2, 3, 4, 5,

18 U.S.C. § 925(c) .................................................................................................. 3, 6, 7

18 U.S.C. § 1005........................................................................................................1

18 U.S.C. § 1014........................................................................................................1

18 U.S.C. § 1344........................................................................................................1

28 U.S.C. § 1291 ....................................................................................................... 1

28 U.S.C. § 1331 ....................................................................................................... 1

Tenn. Code Ann. § 40-29-105…………………………………………………….. 2

## Statement Regarding Oral Argument

The United States submits that the briefs adequately set forth the legal issues in this appeal. The United States, therefore, does not believe that the decisional process would be significantly aided by oral argument.

**STATEMENT OF JURISDICTION**

This appeal is from the order granting judgment on the pleadings to the United States by the United States District Court for the Western District of Tennessee with respect to Billy York Walker's ("Walker") Complaint for Declaratory Judgment. The District Court had subject matter jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction over the appeal under 28 U.S.C. § 1291. Walker filed a timely Notice of Appeal on June 12, 2014. The appeal is from a final judgment that disposed of all parties' claims.

**ISSUES PRESENTED**

In granting the United States judgment on the pleadings, did the District Court err in holding that, as a federal felon, Walker's restoration of civil rights under state law did not restore his civil rights by operation of law within the meaning of 18 U.S.C. § 922(g)(1)?

**STATEMENT OF THE CASE**

Walker was convicted of federal felony offenses, including violations of 18 U.S.C. §§ 2, 371, 1005, 1014, and 1344, in the United States District Court for the Western District of Tennessee. (First Amended Compl., RE 27, Page ID 181.) After serving his federal sentence, Walker successfully petitioned a Tennessee circuit court for an order stating that the "civil and citizenship rights of Billy York Walker

are restored pursuant to Tenn. Code Ann. § 40-29-105." (Exh. A to First Amended Compl., RE 27-1, Page ID 189-90.)  The Tennessee court entered a second order on March 22, 2012, confirming the first order and further providing that "Billy Walker shall have the explicit right to bear and possess firearms." (Exh. B to First Amended Compl., RE 27-1, Page ID 192-93.)

In January of 2013, Walker sought to purchase a handgun, but was prohibited from doing so. (First Amended Compl. RE 27, Page ID 185).  Walker appealed this denial to the Tennessee Bureau of Investigation ('TBI") and thereafter received a letter from the TBI, dated January 7, 2013, in response to his appeal stating that his appeal is denied because "the Federal Bureau of Investigation has you listed as disqualified for firearms in their records database."  (First Amended Compl., RE 27, Page ID 185 and Exh. C, RE 27-1, Page ID 195.)

Walker sued in the district court for a declaration that 18 U.S.C. § 922(g) does not bar him from gun possession, because his civil rights were restored within the meaning of 18 U.S.C. § 921(a)(20) or alternatively because his conviction was not a "crime punishable by imprisonment for a term exceeding one year."  (First Amended Compl., RE 27, Page ID 185).  The District Court held that Walker, as a federal felon, has not had his civil  rights restored by operation of law within the meaning of 18 U.S.C. § 921(a)(20).  (Order Granting Def. Motion for Judgment on the Pleadings, RE 31, Page ID 273).

## SUMMARY OF THE ARGUMENT

A felon convicted in federal court for federal crimes cannot restore his gun rights by obtaining a state court restoration of civil rights. Only a federal restoration of rights could restore Walker's gun rights, and Congress has explicitly precluded any federal procedure that would allow Walker to avoid the firearms prohibition imposed by 18 U.S.C. § 922(g). Eighteen U.S.C. § 922(g) prohibits a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year from possessing firearms. For a person convicted of a federal crime what constitution a conviction is matter of federal law, not state law. *Beecham v. United States*, 511 U.S. 368, 114 S. Ct. 1669 (1994). Furthermore, the appropriations measures for the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") have specifically prohibited the expenditure of funds to implement 18 U.S.C. § 925(c), which otherwise authorizes ATF to consider a request for relief from § 922(g). In addition the legislative history of these appropriations measures clearly establishes that Congress had no intention of allowing convicted felons to purchase and possess firearms in the future.

# ARGUMENT

## I.  Standard of Review

This Court's review of the district court's judgment on the pleadings is *de novo. Hayward v. Cleveland Clinic Foundation*, --- F.3d ---, 2014 WL 3558095 C.A. 6 (Ohio), 2014. (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).  Such review is the same *de novo* review as is applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Id.* In reviewing a grant of judgment on the pleadings, the Court should construe the complaint in the light most favorable to the plaintiff, accepting all allegations in the complaint as true, and determining whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Id.*

## II.  The District Court correctly determined that Walker, as a federal felon, has not had his civil rights restored by operation of law within the meaning of 18 U.S.C. § 921(a)(20).

### A.  Legal Framework:  18 U.S.C. §§ 922(g), 921(a)(20) and *Beecham v. United States*.

Eighteen U.S.C. § 922(g) provides that it is "unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Eighteen U.S.C. § 921(a)(20), in turn, provides that what constitutes a conviction is

to be determined in accordance with the law of the jurisdiction in which the proceedings were held and further provides that any conviction for which a person has had his civil rights restored shall not be considered a conviction unless such restoration expressly provides that the person may not ship, transport, possess, or receive firearms.

The United States Supreme Court has ruled that when the conviction referenced in § 921(a)(20) is a conviction by a federal district court the question of whether that conviction remains a "conviction" shall be determined by resort to federal law. *Beecham v. United States*, 511 U.S. 368, 114 S.Ct. 1669 (1994); *Accord United States v. Lang,* 2002WL31012125 (CA6 (Mich.)). Lenard Ray Beecham sought to dismiss an indictment charging him with violating 18 U.S.C. § 922(g) asserting that his prior federal conviction in Tennessee could not be used as the predicate offense because his civil rights had been restored by the State of Tennessee. *Beecham*, 511 U.S. at 370. The district court dismissed the indictment, but was reversed by the Fourth Circuit Court of Appeals. See *United States v. Beecham*, 993 F.2d 1539 (4th Cir. 1993)(Table, unpublished op.). In affirming the Fourth Circuit, the Supreme Court specifically rejected the Ninth Circuit's holding in *United States v. Geyer*, 932 F.2d 1330 (9th Cir. 1991) that the lack of a federal procedure for restoring civil rights to federal felons meant that the reference in § 921(a)(20) to the restoration of civil rights must be to the state procedure. *Bee-*

*cham,* 511 U.S. at 372. Furthermore, the Court held that nothing in § 921(a)(20) supports the Ninth Circuit's assumption that Congress must have intended felons convicted in all jurisdictions to have access to all the procedures (pardon, expunction, set-aside, and civil rights restoration) specified in the exemption clause, noting that many states also had no procedure for restoring civil rights. *Id*. at 373.

**B.    Walker's restoration of civil rights under Tennessee law is not a *federal restoration* of rights.**

*Beecham* plainly held that a federal felon cannot restore his gun rights by obtaining a state court restoration of rights, and *Beecham* also plainly held that the absence of any federal procedure for rights restoration was immaterial. In spite of *Beecham* – and without mentioning that clear holding – Walker continues to assert that Congress must have intended for federal felons to have an opportunity to obtain a restoration of their right to possess firearms since it provided this opportunity to some, but not all, felons convicted in state courts by enacting 18 U.S.C. § 921(a)(20). Not only did the Supreme Court reject this argument in *Beecham*, but the Congress, itself, has expressly rejected this reasoning. The fact of the matter is that the statute does provide a mechanism for federal felons to obtain relief from the firearms disability set forth in § 921(a)(20). *See* 18 U.S.C. § 925(c). However, in 1993 the Congress in appropriating funds for ATF specifically prohibited the expenditure of funds to implement § 925(c), explaining that a decision by ATF to grant relief "could have devastating consequences for innocent citizens if the

6

wrong decision is made" and further determined that ATF's scarce resources could be put to better use fighting crime. S.Rep. No. 353 102nd Cong., 2d Sess. 77 (1992) *accord* S.Rep. 103-106, 103rd Cong., 1st Sess. 20 (1993); S.Rep. No. 102-353, 102nd Cong. 2d Sess. 19-20 (1992). Congress was even more direct in expressing its intention on the impact of the continuation of the ban on funding to implement § 925(c) in 1995 when it said, "those who commit felonies should not be allowed to have their right to own a firearm restored. . . . There is no reason to spend the Government's time or taxpayer's money to restore a convicted felon's right to own a firearm." H.R.Rep. No. 104-183, 104th Cong., 1st Sess. 15 (1995). Finally, in 1996 Congress expressed its unequivocal intention that federal felons not be able to acquire firearms. Reacting to a Third Circuit holding that Congress had not clearly expressed its intention on this point, Senator Paul Simon said, "the goal of this provision has always been to prohibit convicted felons from getting their guns back—whether through ATF or the courts. It was never our intention to shift the burden to the courts." 142 Cong. Rec. S. 12164 (Oct. 19, 1996) (statement of Sen. Simon)). *See Mullis v. United States*, 230 F.3d 215, 220 (6th Cir. 2000).

Thus the decision in *Beecham* and the legislative history of appropriations legislation prohibiting the expenditure of funds to implement 18 U.S.C. § 925(c) overwhelmingly compels the conclusion that Walker, as a federal felon, simply has

no remedy for restoring his right to purchase and possess firearms, notwithstanding the restoration of certain rights under state law.

## CONCLUSION

For the foregoing reasons the judgment of the district court should be affirmed.

Respectfully submitted,

EDWARD L. STANTON III
United States Attorney

By:   s/Gary A. Vanasek
       Gary A. Vanasek (BPR 4675)
       Assistant U.S. Attorney
       Suite 800
       167 N. Main Street
       Memphis, TN  38103

       Telephone:  (901) 544-4231
       Email:      gary.vanasek@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading is being served via the Court's Electronic Case Filing System on this the 12th day of September, 2014, on attorney W. Lewis Jenkins, Jr.

s/Gary A. Vanasek

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

Appellee, pursuant to Sixth Circuit Rules 28(c) and 30(b), hereby designates the following filings in the District Court's record as entries that are relevant to this appeal:

| DESCRIPTION OF ENTRY | RE No. | PAGE ID |
|---|---|---|
| First Amended Complaint for Declaratory Judgment | 27 | 180-187 |
|     Exhibit A, Circuit Court Order | 27-1 | 188-190 |
|     Exhibit B, Circuit Court Order | 27-2 | 191-193 |
|     Exhibit D Copy of Purchase Denial Letter | 27-3 | 194-195 |
|     Exhibit D  Initial Memorandum of Law in Support of Complaint for Declaratory Judgment | 27-4 | 196-214 |
| Motion for Judgment on the Pleadings and Memorandum in Support | 15 | 71-79 |
| Motion for Summary Judgment by Billy York Walker | 18 | 88-90 |
| Statement of Undisputed Material Facts by Billy York Walker in Support of Motion for Summary Judgment | 23 | 134-136 |
|     Exhibit A, Declaration of Billy York Walker | 23-1 | 137-141 |
|     Exhibit B, Defendant's Initial Disclosures | 23-2 | 142-144 |
| Memorandum of Law by Billy York Walker in Support of Motion for Summary Judgment | 24 | 145-174 |
|     Appendix | 24-1 | 175-76 |
| Response in Opposition to Motion for Judgment on the Pleadings | 29 | 236-256 |

| | | |
|---|---|---|
| Response in Opposition to Motion for Summary Judgment | 30 | 257-266 |
| Order Granting Defendant's Motion for Judgment on the Pleadings and Denying Plaintiff's Motion for Summary Judgment | 31 | 267-276 |