No. 14-5703

**In the
United States Court of Appeals
for the Sixth Circuit**

BILLY YORK WALKER,
*Plaintiff-Appellant*,

v.

UNITED STATES OF AMERICA,
*Defendant-Appellee*.

**On Appeal from the United States District Court
for the Western District of Tennessee at Jackson**

**REPLY BRIEF OF APPELLANT**

WILLIAM LEWIS JENKINS JR.
WILKERSON GAULDIN HAYES
JENKINS & DEDMON
112 WEST COURT STREET, P.O.
BOX 220
DYERSBURG, TN 38025-0220
(731) 286-2401
ljenkins@tenn-law.com

*Counsel for Billy York Walker*

**Oral Argument Requested**

# TABLE OF CONTENTS

Table of Contents ........................................................................................................1

Table of Authorities ...................................................................................................1

Reply Argument .........................................................................................................2

# TABLE OF AUTHORITIES

*Cases*

*Beecham v. United States*, 511 U.S. 368 (1994) ............................................... *passim*

*Caron v. United States*, 524 U.S. 308 (1998) ......................................................... 3-4

*United States v. Hall*, 20 F.3d 1066 (10th Cir. 1994) ..................................................4

*United States v. Ramos*, 961 F.2d 1003 (1st Cir. 1992) ............................................4

*Statutes*

18 U.S.C. §920 .............................................................................................................5

18 U.S.C. §925 .............................................................................................................5

# REPLY ARGUMENT

The United States continues to argue under the apparent assumption that no method exists for restoration of civil rights to a person convicted of a crime in federal court; but the lack of a statutory procedure for restoration does not mean that no method exists for restoration. The United States continues to assert that Mr. Walker has overlooked the central holding of *Beecham v. United States*, 511 U.S. 368 (1994), (Brief of Appellee, p. 6), but it is the United States itself that misses the point of the *Beecham* opinion.

In *Beecham*, the persons convicted of possessing a firearm in violation of federal law argued that restoration of civil rights under state law automatically restored civil rights for a conviction that had occurred under federal law. 511 U.S. at 370 ("The question presented to the District Courts was whether these restorations of civil rights by States could remove the disabilities imposed as a result of Beecham's and Jones' federal convictions.") The Supreme Court simply did not address the question of whether a restoration could occur at all under federal law, but expressly declined to pass on that question. *See Beecham*, 511 U.S. at 369-373 (*especially* 373 n.*). Mr. Walker now brings the question left open in *Beecham* directly before the Courts, and he does so by the very analysis invited by the *Beecham* court in note * of the opinion; therefore, the result in

*Beecham* does not, and cannot despite the assertions of the United States to the contrary, control the outcome of the present case.

In *Beecham,* in fact, the United States Supreme Court alluded to the possibility that restoration of civil rights to a person convicted in federal court might occur by reference to an analysis of what the court called "federal civil rights," and alluded to the possibility that the restoration might occur by operation of law and not need, for its validity, the act of an official. *Beecham*, 511 U.S. at 373 n.*. The Supreme Court stated:

> We express no opinion on whether a federal felon cannot have his civil rights restored under federal law. This is a complicated question, one which involves the interpretation of the federal law relating to federal civil rights, see U.S. Const., Art. I, § 2, cl. 1 (right to vote for Representatives); U.S. Const., Amdt. XVII (right to vote for Senators); 28 U.S.C. § 1865 (right to serve on a jury); consideration of the possible relevance of 18 U.S.C. § 925(c) (1988 ed., Supp. IV), which allows the Secretary of the Treasury to grant relief from the disability imposed by § 922(g); and the determination whether civil rights must be restored by an affirmative act of a Government official, see *United States v. Ramos*, 961 F.2d 1003, 1008 (CA1), *cert. denied*, 506 U.S. 934 (1992), or whether they may be restored automatically by operation of law, see *United States v. Hall*, 20 F.3d 1066 (CA10 1994). We do not address these matters today.

*Beecham v. United States*, 511 U.S. 368, 373 n.* (1994).

After *Beecham,* the United States Supreme Court determined that restoration of civil rights after a state court conviction can occur by operation of law; in *Caron v. United States*, 524 U.S. 308, 313 (1998), the Supreme Court stated: "Nothing in the text of §921(a)(20) requires a case-by-case decision to restore civil rights to

3

this particular offender." The holding of *Caron* pertained to a restoration of rights after a conviction in state court, but the reasoning of *Caron* cannot be limited to restoration following conviction in state court. Indeed, the very two cases cited by the *Beecham* court as representing the different aspects of the then-unanswered question about restoration of rights by operation of law were cases that discussed the restoration of civil rights following a conviction in state court. *Beecham*, 511 U.S. at 373 n.* (citing, in a discussion of the potential for restoration following a conviction in federal court two decisions by courts of appeal discussing restoration following a conviction in state court, *United States v. Ramos*, 961 F.2d 1003, 1008 (1st Cir. 1992) (conviction under Massachusetts law) and *United States v. Hall*, 20 F.3d 1066 (10th Cir. 1994) (conviction under Colorado law)).

Mr. Walker, in his initial memorandum of law in the District Court (appended to his complaint for declaratory judgment) (R. 1 Complaint [Initial Memorandum of Law], Page ID #14-28), in his summary judgment argument in the District Court (R. 20 Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, Page ID #108-121; R. 24 Notice of Correction to Memorandum of Law, Page ID#151-164), and in his principal brief in this Court, (Brief of Appellant, pp. 21-36), spelled out how and why his "federal civil rights" had been restored. The United States has never addressed any of these arguments, and does not appear to contest that Billy York Walker may vote in federal

elections, may seek and hold federal office, and may serve on a jury in federal court. Given these established facts and uncontested arguments, the question expressly left open in *Beecham* must be resolved in Mr. Walker's favor in the present case.

Finally, Mr. Walker demonstrated, again in his initial memorandum of law in the District Court (appended to his complaint for declaratory judgment) (R. 1 Complaint [Initial Memorandum of Law], Page ID #29-31) and in his principal brief in this Court, (Brief of Appellant, pp. 36-39), that the plain meaning of the statute reveals the "relief from disabilities" provisions of 18 U.S.C. §925(c) to be wholly different from, and not a component of the, the exemption or exclusion provision for those whose civil rights have been restored under 18 U.S.C. §920(a)(20).

## CONCLUSION

Billy York Walker has taken all necessary action for the operation of federal law to restore his federal civil rights, the operation of federal law has restored his civil rights, and he seeks a judgment from this Court that he fits with the exemption clause of 18 U.S.C. §921(a)(20) and no longer has any firearms disabilities under the GCA arising from his prior conviction in this Court. The District Court erred when it granted the motion for judgment on the pleadings filed by the United States, and the decision of the District Court should be reversed.

5

Further, judgment should be entered in favor of Billy York Walker in this Court, as the undisputed facts demonstrate his entitlement to the relief he seeks, and he requests that the Court grant the relief at this time.

>Respectfully Submitted,
>
>*Attorneys for Billy York Walker*:
>
>WILKERSON GAULDIN HAYES JENKINS & DEDMON
>
>By: /s/William Lewis Jenkins Jr.
>William Lewis Jenkins Jr. (Tenn. Bar #017423)
>Electronic mail: ljenkins@tenn-law.com
>112 West Court Street, P.O. Bo 220
>Dyersburg, Tennessee 38025-0220
>Tel. No. 731.286.2401 / Fax No. 731.286.2294

## CERTIFICATE OF COMPLIANCE

This reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,416 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in 14-point Times New Roman font.

/s/ William Lewis Jenkins Jr.　　　　　　Date: 1 October 2014
Signature of Counsel
W. Lewis Jenkins Jr.
Counsel for Billy York Walker

## CERTIFICATE OF SERVICE

I certify that on 1 October 2014, a copy of the document to which this certificate of service is attached was served upon the following person through the electronic noticing service of the Court's ECF system: Gary A. Vanasek, Esq., Assistant United States Attorney, Suite 800, 167 N. Main Street, Memphis, TN 38103.

/s/ William Lewis Jenkins Jr.
Signature of Counsel
W. Lewis Jenkins Jr.
Counsel for Billy York Walker